An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD HAIRSTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60988

**FILED**

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted theft. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Leonard Hairston contends that the district court (1) lacked jurisdiction to accept his guilty plea because this court dismissed his appeal from the denial of his pretrial petition for a writ of habeas corpus, see Hairston v. State, Docket No. 54089 (Order Dismissing Appeal, July 14, 2009), (2) imposed an illegal sentence, and (3) "erred by failing to follow this Court's order closing the District Court case when this Court dismissed [his] appeal in case 54089." Hairston fails to offer any cogent argument or relevant authority in support of these claims and therefore we need not address them. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not

13 - 04714

be addressed by this court."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Stefany Miley, District Judge
     Kocka & Bolton
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]Although we filed the fast track statement and appendix submitted by Hairston, they fail to comply with the Nevada Rules of Appellate Procedure. Hairston's fast track statement refers to matters in the record without specific citation to the appendix, see NRAP 3C(e)(1)(C); NRAP 28(e)(1), and the appendix is not paginated sequentially, does not include a properly alphabetized index, and does not contain all of the required documents, see NRAP 3C(e)(2)(C); NRAP 30(b)(2); NRAP 30(c). Additionally, despite this court's issuance of a notice of deficient certificate of compliance, counsel failed to file a certificate of compliance as required by NRAP 3C(h)(3). Counsel for Hairston, Jennifer S. Bolton, is cautioned that the failure to comply with the briefing and appendix requirements and directives of this court in the future may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).